**No. 43957.**—Protest 992050–G of Blefeld & Goodfriend, Inc. (New York).

Opinion by TILSON, J.   It was stipulated that the merchandise consists of glass mirrors the same as those passed upon in *Blefeld-Goodfriend* v. *United States* (1 Cust. Ct. 24, C. D. 7).   The claim at 50 percent under paragraph 230 (b) was therefore sustained.

BEFORE THE SECOND DIVISION, JUNE 17, 1940

**No. 43958.**—Protests 976908–G, etc., of Simon Healey & Goldstein,. Inc. (New York).

Opinion by TILSON, J.   Merchandise invoiced as "Mimosa" and "Black mourning crepe all silk" on the record presented was held dutiable at 55 percent under paragraph 1205 as claimed.

**No. 43959.**—Protests 986517–G, etc., of Nador Trading Corp. et al. (New York).

Opinion by TILSON, J.   On the authority of Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, JUNE 17, 1940

**No. 43960.**—Protests 677454–G, etc., of Farmers Produce Co. et al. (Los Angeles).

Opinion by CLINE, J.   From the record it was found that certain goods out of the shipment in question were condemned by the Board of Health of the City of Los Angeles within 10 days after landing and that notices of such condemnation were filed in the customhouse within 5 days thereafter.   To that extent the protests were sustained.   *Consolidated Produce Co.* v. *United States* (3 Cust. Ct. 252, C. D. 246) cited.

**No. 43961.**—Protest 998750–G of Salvatore Armetta (New York).

Opinion by CLINE, J.   It appeared that the marking of the barrels in question was "Produce of Itaii."   It was held that the legend printed on the barrels was sufficient to indicate the country of origin of the goods and that an American purchaser who observed that marking would know that the goods originated in Italy.   Protest sustained.   Abstract 43272 and *Lorillard* v. *United States* (24 C. C. P. A. 90, T. D. 48412) cited.